IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 AUG 13  AM 11: 58
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| INFINEON TECHNOLOGIES AG, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:10-cv-316-LY |
| JERRY DAVID HARTHCOCK, | |
| Defendant. | **DEMAND FOR TRIAL BY JURY** |
| JERRY DAVID HARTHCOCK, | |
| Counterclaim Plaintiff, | |
| v. | |
| INFINEON TECHNOLOGIES AG, | |
| Counterclaim Defendant. | |

**DEFENDANT JERRY DAVID HARTHCOCK'S ANSWER AND COUNTERCLAIM TO PLAINTIFF INFINEON TECHNOLOGIES AG'S COMPLAINT AND REQUEST FOR <u>DECLARATORY JUDGMENT</u>**

**ANSWER**

For his answer to the complaint, Defendant, Jerry David Harthcock (hereinafter referred to, and used interchangeably with, "Mr. Harthcock" and "Defendant", as one in the same person), answers as follows, with each paragraph of the answer below responding to the corresponding numbered paragraph of subject complaint filed by Plaintiff Infineon Technologies AG ("ITA"):

**PARTIES**

1. Defendant denies that ITA is a multinational company, but admits the remaining

-1-

allegations of paragraph 1..

2. Defendant admits that he is an individual residing within the Western District of Texas. Defendant denies the allegation that Mr. Harthcock resides at 704 Hyde Park Place, Austin, Texas 78748. Defendant admits that United States Patent No. 6,347,368 was issued to Mr. Harthcock, the Defendant to ITA's instant complaint, and further admits that said patent is the subject of ITA's complaint.

## JURISDICTION AND VENUE

3. Defendant admits that the action initiated by ITA is only for a declaration on ITA's allegation that it does not infringe any claim of Defendant's '368 patent. The remaining allegations in paragraph 3 are admitted.

4. Admitted.

## FACTS

5. Defendant admits that he is the owner of the '368 patent. Defendant admits the remaining allegations of paragraph 5.

6. Defendant admits that ITA has developed the XC166 and XE166 families of 16-bit microcontrollers and is marketing them for sale to its customers, but Defendant lacks sufficient knowledge or information to admit or deny the allegation that ITA as developed or is marketing for sale a "XC200" 16-bit microcontroller family.

7. Admitted, but only to the extent that "Infineon Microcontrollers" comprise a least one ITA C166S.V2 core, such as that found in ITA's XC2000 16-bit microcontroller family (for example), otherwise, denied.

8. Defendant lacks sufficient knowledge or information to admit or deny.

9. To the extent that "Infineon Microcontrollers" comprise a least one ITA

C166S.V2 core, such as that found in ITA's XC2000 16-bit microcontroller family (for example), Defendant admits he contacted ITA claiming that such microcontrollers infringe his '368 patent. Defendant denies that he was threatening, or ever threatened, ITA with a patent infringement suit.

10.   Denied.

## PRAYER FOR RELIEF

This section of ITA's complaint constitutes a Prayer for Relief that does not require a response. Defendant denies that ITA is entitled to any of the requested relief. Each averment and/or allegation contained in ITA's complaint that is not specifically admitted herein is hereby denied.

## DEMAND FOR JURY TRIAL

Defendant Jerry David Harthcock acknowledges and joins ITA's request for a trial by jury on all issues so triable in this action..

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Failure to State a Claim)

Infineon Technologies AG's complaint fails to state a claim upon which relief can be granted because ITA has agreed to purchase Defendant Jerry David Harthcock's United States Patent No. 6,347,368.

### SecondAffirmative Defense (Estoppel)

Infineon Technologies AG is barred from seeking receiving the relief it prays for because ITA has agreed to purchase Defendant Jerry David Harthcock's United States Patent No. 6,347,368.

## COUNTERCLAIM

Counterclaim Plaintiff Jerry David Harthcock ("Harthcock") asserts the following

counterclaim against Counterclaim Defendant Infineon Technologies AG ("ITA") as follows:

## PARTIES

1. ITA is an alien/foreign corporation with its principle place of business located at Am Campeon 1-12, Neubiberg, Germany.

2. Harthcock is a private individual residing in Williamson county, Texas.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States code. This Court has both personal and subject matter jurisdiction pursuant to Article III, § 2 of the United States Constitution, 28 U.S.C § 1331, 28 U.S.C. § 1332 (a) (2). Venue is proper pursuant to 28 U.S.C. § 1391 (d). Moreover, by filing its complaint in this Court, ITA has has availed itself of this forum and is therefore subject to personal jurisdiction in this District.

## FACTS

4. On February 12, 2002, after full and fair examination by the United States Patent Office, United States Patent No. 6,347,368 ("the 368 patent") entitled "MICROCOMPUTING DEVICE FOR EXCHANGING DATA WHILE EXECUTING AN APPLICATION" was duly and legally issued to Jerry David Harthcock. All rights, title, and interest in the '368 patent are exclusively owned by Harthcock, its inventor. Exhibit A to ITA's complaint is hereby adopted by reference and incorporated into this, Harthcock's counterclaim, as Exhibit A, the '368 patent.

5. ITA has agreed unconditionally to purchase the '368 patent from Harthcock (Harthcock having agreed unconditionally to sell the '368 patent to ITA), for an amount of money in US dollars that exceeds the minimum diversity jurisdictional limit prescribed in 28 U.S.C. § 1332 (a).

6. For the purposes of a transaction by wire-transfer of funds, Harthcock supplied ITA with his bank account routing information in March of 2010, April of 2010, and May of 2010, which information has never changed.

7. ITA still has not paid Harthcock even one penny of the agreed purchase price for the '368 patent. ITA owes Harthcock, and Harthcock is entitled to recover, the full agreed purchase price for the '368 patent. To that end, Harthcock is entitled to a Judgment and an Order from this Court ordering ITA to pay, in full, said purchase price, forthwith.

## COUNT I (Infringement of the '368 Patent)

8. Harthcock incorporates by reference paragraphs 1 through 7 of this, his counterclaim, as if fully set forth herein.

9. ITA is in the business of manufacturing and selling 8, 16, and 32-bit microcontrollers primarily for use in automobiles, which automobiles are imported, manufactured, sold, and operated within the United States.

10. ITA manufactures and sells for use in said automobiles several families of 16-bit microcontrollers that comprise at least one C166S.V2 core, with all of its newer XC2000 *et seq* family of 16-bit microcontrollers being chief among them. For instance, some foreign automobile manufactures use a member of ITA's XC2200 family of 16-bit microcontrollers in some of their automobiles, which are imported and sold in the United States.

11. Microcontrollers that comprise at least one C166S.V2 core, and products incorporating it, infringe the '368 patent.

12. Harthcock is informed and believes, and on that basis alleges, that ITA is infringing the '368 patent by making, using, offering for sale, and/or selling within the United States devices that embody the inventions disclosed and claimed in the '368 patent, and/or by

importing into the United States devices that embody the inventions disclosed and claimed in said patent. On information and belief, ITA has been and is currently infringing one or more claims of the '368 patent, directly or indirectly, pursuant to 35 U.S.C. §271, in connection with certain of its products, services, methods and/or systems, including without limitation ITA's XC2000 *et seq* families of 16-bit microcontrollers and other families of 16-bit microcontrollers that comprise at least on C166S.V2 core.

13. In addition to direct infringement, Harthcock is informed and believes, and on that basis alleges, that ITA has induced and contributed to infringement by others of the '368 patent.

14. Based upon information and belief, ITA has received actual notice that it is infringing the '368 patent. Despite such notice, ITA has continued to willfully infringe said patent by making, using, offering to sell, and/or selling within the United States products that embody the inventions disclosed and claimed in said patent, and/or by importing such products into the United States.

15. Harthcock has been irreparably harmed by ITA's acts of infringement, and will continue to be harmed unless and until ITA's acts of infringement are enjoined and restrained by order of this Court. Harthcock has no adequate remedy at law and is entitled to a preliminary and permanent injunction against ITA and its infringing products.

16. As a result of ITA's acts of infringement, Harthcock has suffered and will continue to suffer damages in an amount to be proven at trial.

17. This case is an "exceptional" case within the meaning of 35 U.S.C. § 285 and Harthcock is entitled to an award of attorneys' fees, if and when applicable.

## DEMAND FOR JURY TRIAL

Defendant Jerry David Harthcock hereby demands a jury trial on all issues so triable.

## HARTHCOCK'S PRAYER FOR RELIEF

WHEREFORE, Jerry David Harthcock ("Harthcock"). prays for relief as follows:

1. That Infineon Technolgies AG's complaint be dismissed with prejudice and that Infineon Technolgies AG recover nothing thereon;

2. That Harthcock be adjudged to be the exclusive owner of the '368 patent, that Harthcock should be entitled to all rights of recovery thereunder, and that the '368 patent is valid and enforceable;

3. That Infineon Technolgies AG be adjudged to have infringed, induced infringement, and contributed to the infringement of the '368 patent;

4. That Infineon Technolgies AG, its officers, principals, agents, attorneys, servants, employees, and all others acting by or under their direction and authority, and their successors and assigns, be enjoined by preliminary and permanent injunctions from making, using, offering to sell, or selling in the United States any infringing products or any other product substantially equivalent thereto which is also within the scope of any claim of the '368 patent and from importing into the United States any infringing products or any other product substantially equivalent thereto which is also within the scope of any claim of the '368 patent;

5. That Harthcock be awarded an accounting for and recovery of damages under 35 U.S.C. § 284 adequate to fully compensate him for infringement by Infineon Technolgies AG of the '368 patent in an amount to be proven at trial;

6. That Harthcock be awarded treble damages in view of the reckless, willful, and deliberate nature of Infineon Technolgies AG's infringement, pursuant to 35 U.S.C. § 284;

7. That Infineon Technolgies AG be adjudged to owe Harthcock, and ordered to pay Harthcock, forthwith, the amount already agreed upon for the purchase of the '368 patent.

8. For costs and attorneys' fees (if and when applicable) in connection with the complaint and the counterclaims pursuant to 35 U.S.C. § 285;

9. For interest thereon at the legal rate; and

10. For such other and further relief as the Court deems just and proper.

Dated: August 13, 2010                                    Respectfully submitted,

*signature*
Jerry David Harthcock
*Of right*

P.O. Box 18126
Austin, TX  78760
Tel:  (512) 909 6782

### CERTIFICATE OF SERVICE

I certify that on August 13, 2010, a true and correct copy of the forgoing **DEFENDANT JERRY DAVID HARTHCOCK'S ANSWER AND COUNTERCLAIM TO PLAINTIFF INFINEON TECHNOLOGIES AG'S COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT** was served on the following attorney as follows:

James W. Cannon, Jr.              <u>VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED</u>
BAKER BOTTS LLP
A Professional Corporation
98 San Jacinto Boulevard
Suite 1500
Austin, TX  78701
*Attorney for Plaintiff Infineon Technologies AG*

*signature*
Jerry D. Harthcock