IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| INFINEON TECHNOLOGIES AG,<br>     Plaintiff,<br><br>v.<br><br>JERRY DAVID HARTHCOCK,<br>     Defendant. | CIV. A. NO. 1:10-cv-316<br>JURY DEMANDED |

**PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S COUNTERCLAIM**

Plaintiff, Infineon Technologies AG ("Infineon"), files this Reply and Affirmative Defenses to Defendant's Counterclaim:

**PARTIES**

1.  Plaintiff admits that it is a multinational company with its principal place of business at Am Campeon 1-12, 85579 Neubiberg, Bavaria, Germany. Plaintiff denies any remaining allegations.

2.  Plaintiff is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 2, and therefore denies the same.

**JURISDICTION AND VENUE**

3.  Plaintiff admits that Defendant's counterclaim purports to allege a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Plaintiff admits that the Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a). Plaintiff admits that venue is proper under 28 U.S.C. §§ 1391(b) or (d) and 1400(b). Plaintiff admits that it availed itself of this forum and is subject

to personal jurisdiction with respect to this lawsuit. Plaintiff denies that Defendant is entitled to relief under Titles 28 or 35 of the United States Code and any other remaining allegations in Paragraph 3.

## FACTS

4. Plaintiff admits that United States Patent No. 6,347,368 ("the '368 patent"), entitled "Microcomputing Device for Exchanging Data While Executing an Application" was issued to Mr. Harthcock. Plaintiff admits that Exhibit A to its complaint is a copy of the '368 patent. Upon information and belief, Mr. Harthcock is the owner of the '368 patent. Plaintiff denies the remaining allegations in Paragraph 4.

5. Plaintiff denies the allegations of Paragraph 5.

6. Plaintiff admits that Mr. Harthcock forwarded bank account routing information in March, April, and May of 2010. Plaintiff denies the remaining allegations.

7. Plaintiff admits that it has not paid Mr. Harthcock. Plaintiff denies that there was an "agreed purchase price" for the '368 patent. Plaintiff denies that Plaintiff owes Mr. Harthcock and that Mr. Harthcock is entitled to recover any "agreed purchase price" for the '368 patent. Plaintiff denies that Mr. Harthcock is entitled to a Judgment and an Order ordering Plaintiff to pay the purported purchased price.

## COUNT I (Infringement of the '368 Patent)

8. Plaintiff incorporates by reference Paragraphs 1 through 7 of this Reply as if fully set forth herein.

9. Plaintiff admits that it is in the business of manufacturing and selling 8, 16, and 32-bit microcontrollers for use in automobiles. Plaintiff is without knowledge or information sufficient to form a belief as to the truth or accuracy of Mr. Harthcock's allegation that

automobiles with Infineon's microcontrollers are imported, manufactured, sold, and operated within the United States and, therefore, denies that allegation.

10. Plaintiff admits that it manufactures and sells for use in automobiles 16-bit microcontrollers based on the C166S.V2 core, including the XC2000 family. Plaintiff admits that some foreign automobile manufacturers use a member of the XC2200 family in their automobiles. Plaintiff is without knowledge or information sufficient to form a belief as to the truth or accuracy of Mr. Harthcock's allegation that those automobiles with a member of the XC2200 family are imported and sold in the United States and, therefore, denies that allegation.

11. Plaintiff denies the allegations of Paragraph 11.

12. Plaintiff denies the allegations of Paragraph 12

13. Plaintiff denies the allegations of Paragraph 13.

14. Plaintiff admits that it received notice of the '368 patent. Plaintiff denies the remaining allegations in Paragraph 14.

15. Plaintiff denies the allegations of Paragraph 15.

16. Plaintiff denies the allegations of Paragraph 16.

17. Plaintiff denies the allegations of Paragraph 17.

## PRAYER FOR RELIEF

. Plaintiff denies that Mr. Harthcock is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Plaintiff pleads the following affirmative defenses to Mr. Harthcock's counterclaim:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

18. Defendant fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

19. Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '368 patent. Plaintiff has not contributed to infringement of any valid and enforceable claim of the '368 patent and has not induced infringement of any valid and enforceable claim of the '368 patent.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

20. The claims of the '368 patent are invalid under one or more provisions of Title 35 of the United States Code, including (without limitation) §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel)

21. Upon information and belief, Mr. Harthcock's claims are barred, in whole or in part, under the doctrines of laches, waiver, and/or estoppel.

## RESERVATION OF AFFIRMATIVE DEFENSES

22. Plaintiff reserves the right to assert additional affirmative defenses based on future discovery or further factual investigation in this case.

Dated: September 3, 2010

    /s/ Jeff Baxter
James W. Cannon, Jr.
TX Bar No. 03746600
jim.cannon@bakerbotts.com
BAKER BOTTS LLP
98 San Jacinto Boulevard
Suite 1500
Austin, TX 78701
Telephone:  (512) 322-2653
Facsimile:   (512) 322-8353

*Of Counsel:*
David Wille (*pro hac vice*)
TX Bar No. 00785250
david.wille@bakerbotts.com
Jeffery D. Baxter (*pro hac vice*)
TX Bar No. 24006816
jeff.baxter@bakerbotts.com
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:  (214) 953-6791
Facsimile:   (214) 661-4791

**Attorneys for Plaintiff, Infineon Technologies AG**

### CERTIFICATE OF SERVICE

I certify that on September 3, 2010, a true and correct copy of the foregoing Plaintiff's Reply and Affirmative Defenses to Defendant's Counterclaim was served on:

Jerry David Harthcock    (Via First Class Mail)
P.O. Box 18126
Austin TX 78760

    */s/ Jeff Baxter*